# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY PUCEK,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-315H-14-0147-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: October 20, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher A. Murray</u>, Esquire, Cleveland, Ohio, for the appellant.

<u>Anne D. Turner</u>, Esquire, and <u>Benjamin B. Hamlow</u>, Indianapolis, Indiana, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn pursuant to a settlement agreement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed a Board appeal of his probationary termination. Initial Appeal File (IAF), Tab 1 at 2, 7. He alleged that his termination was the result of sex discrimination, disability discrimination, retaliation, mismanagement, and "abuse of authority." IAF, Tab 1 at 2. Subsequently, the appellant and the agency entered into a global settlement agreement to resolve both the instant appeal and an Equal Employment Opportunity (EEO) complaint. IAF, Tab 10 at 5. Pursuant to the agreement, the appellant withdrew this appeal. *Id.* The agency agreed to cancel the appellant's termination and pay him back pay. *Id.* at 6.

¶3 The administrative judge issued an order instructing the appellant to show cause why this appeal should not be dismissed pursuant to the settlement agreement. IAF, Tab 11 at 1. After the appellant responded, the administrative judge issued an initial decision dismissing the appeal as withdrawn. IAF, Tab 12 at 2-3, Tab 13, Initial Decision (ID) at 1-2. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency

has responded to the petition for review, and the appellant has replied.  PFR File, Tabs 3-4.

## The appellant's signature on the settlement agreement was sufficient to withdraw his Board appeal.

¶4    On review, the appellant argues that, although the settlement agreement "contemplates" withdrawal of the appeal, he did not withdraw and the agency made a motion for dismissal.  PFR File, Tab 1 at 4.  We agree with the administrative judge's dismissal of the appeal as withdrawn.[2]

¶5    An appellant's withdrawal of an appeal is an act of finality and, absent unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate the appeal once it has been withdrawn.  *See Scarboro v. Department of the Navy*, 55 M.S.P.R. 494, 496 (1992); *Wilson v. U.S. Postal Service*, 45 M.S.P.R. 499, 502 (1990).  The Board will consider a settlement agreement, even though it was reached outside of a Board proceeding, to determine its effect on the Board appeal and any waiver of Board appeal rights.  *Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd*, 367 F. App'x 137 (Fed. Cir. 2010).  A waiver of Board appeal rights is enforceable if its terms are comprehensive, freely made and fair, and execution of the waiver did not result from agency duress or bad faith.  *Id.*

---

[2] On review, the appellant alleges that the administrative judge did not consider his response to the show cause order.  *See* PFR File, Tab 1 at 5.  He alleges that he spoke with the administrative judge, who stated that she did not see the appellant's response before issuing the initial decision.  PFR File, Tab 1 at 5.  Even if true, this does not change our analysis.  The administrative judge's alleged omission in the initial decision constitutes harmless error because the appellant's response did not show good cause for not dismissing the appeal.  *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights); *see Jackson v. Department of Defense*, 28 M.S.P.R. 463, 465 (1985) (the Board found that the administrative judge's error in issuing her initial decision prior to the date specified for final receipt of evidence or argument was harmless where the employee's timely additional submission was of insufficient weight to warrant a different outcome than that ordered by the administrative judge).

¶6        We agree with the administrative judge's finding that the appellant withdrew his Board appeal in the settlement agreement.  The agreement explicitly states: "[appellant's] signature on this Agreement constitutes his withdrawal of the Complaint, and his MSPB Appeal (Docket No. CH-315H-14-0147-I-1) and the full and complete settlement thereof."  IAF, Tab 10 at 5.  The appellant has not alleged that the settlement agreement was not freely made, was unfair, or resulted from agency duress or bad faith when he signed it.  Therefore, he has not shown that he involuntarily entered into the agreement.  *See Lee*, 111 M.S.P.R. 551, ¶ 9.  Thus, his withdrawal is enforceable.

We decline to consider the appellant's argument, raised for the first time on review, that the parties extended the revocation period.

¶7        On review, the appellant alleges that he revoked the settlement agreement.  PFR File, Tab 1 at 4-5, Tab 4 at 2, 4.  The Board generally will not consider an argument raised for the first time on review absent a showing that the appellant based the argument on new and material evidence not previously available despite his due diligence.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).

¶8        The appellant did not argue below that he had revoked the agreement or that the revocation period was extended.  His response to the administrative judge's show cause order indicated that "some issues have developed regarding the settlement agreement between [the a]ppellant and [the a]gency, which require additional time to resolve."  IAF, Tab 12 at 2.  In addition, it stated that mediation regarding the appellant's EEO case could be reopened as a result.  *Id.*  The language suggests that the appellant wanted to renegotiate the terms of the agreement, rather than rescind it.  Further, the appellant's response did not indicate that the revocation period was extended.  *See id.* at 2-3.  Because the appellant was afforded an opportunity to raise his arguments below in response to the administrative judge's order, but did not do so, we decline to consider his arguments on review.  *See Washington v. Department of the Navy*, 77 M.S.P.R.

525, 528-29 (1998); *Timberlake v. U.S. Postal Service*, 76 M.S.P.R. 172, 175 (1997).

¶9    The appellant signed the settlement agreement on January 24, 2014. IAF, Tab 10 at 8. Pursuant to the terms of the agreement, he had 7 days, or until January 31, 2014, to revoke. *Id.* at 7. For the first time on review, he argues that he revoked on January 31, 2014, by speaking with an agency official. PFR File, Tab 1 at 4. He also claims that, on that date his counsel contacted the agency's representative and left two voicemail messages requesting to extend the revocation period.[3] *Id.* at 4-5. According to the agency, the voicemail messages were an ineffective revocation because they were received after January 31, 2014. PFR File, Tab 3 at 10-11. The agency does not respond to the appellant's claims that he spoke with an agency official.

¶10    Nevertheless, we find that the appellant should have raised below his arguments and evidence regarding revocation or extension of the revocation period. We decline to consider them for the first time here. Further, we note that, pursuant to the settlement agreement, the appellant retained employment with the agency and he received back pay. IAF, Tab 10 at 6; PFR File, Tab 3 at 4. His failure to show that he is willing to return the back pay and rescind his employment agreement with the agency undermines his revocation claim.[4] *See Thompson v. National Aeronautics and Space Administration*, 68 M.S.P.R. 135, 138 (1995) (noting that an appellant's claim of coercion was undermined where she did not indicate that she was willing to return the back pay and benefits she received under the settlement agreement).

---

[3] According to the appellant, he again revoked the agreement on February 21, 2014, within an extended revocation period agreed to by the agency. PFR File, Tab 4 at 4.

[4] "The continued acceptance of benefits under the contract is the most common and clearest case of election by conduct." *Cities Service Helex*, *Inc. v. United States*, 543 F.2d 1306, 1314 (Ct. Cl. 1976

<u>The Board does not have jurisdiction over the agency's alleged breach of the settlement agreement.</u>

¶11  On review, in addition to claiming that he revoked the agreement, the appellant challenges the agency's compliance with the settlement agreement. PFR File, Tab 4 at 2-9. He argues that it is disputed whether he has been "made whole" by his return to duty. *Id.* at 2. Further, he argues that the back pay he received was "not full" because he was "docked for healthcare." *Id.* at 9. Moreover, he alleges that he is "still subject to the same [ongoing] hostile conditions of which he was subject prior to, and culminating with, his termination." *Id.*

¶12  Pursuant to the settlement agreement, if the appellant believes that the agency failed to comply with the agreement, he may wish to seek enforcement with the agency's EEO Director, as provided in the agreement. IAF, Tab 10 at 7. This provision is consistent with 29 C.F.R. § 1614.504(a). Thus, the agreement shows that the parties did not intend to have the Board enforce the settlement agreement. *See Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 642-43 (1997). We agree with the administrative judge's decision not to enter the settlement agreement into the record for enforcement. *See* ID at 1-2.

¶13  Although the Board can consider a settlement agreement reached outside of a Board proceeding to determine its effect on the Board appeal and any waiver of appeal rights, it cannot enforce such an agreement. *Lee*, 111 M.S.P.R. 551, ¶ 4 & n.2. The appellant's request that we find that the agency has breached the terms of the settlement agreement is tantamount to a request for enforcement of the agreement. *See Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996). Because the agreement was not entered into the record for enforcement purposes, the Board does not have the authority to act on the appellant's request. *Id.*

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.